AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*July 7, 2026*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br><br>Rufino Salazar Reyes<br><br><br><br>*Defendant(s)* | ) ) ) ) ) ) ) |

Case No. **4:26-mj-437**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 28, 2024 _____ in the county of _____ Harris _____ in the _____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202 (3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Adam Khalil, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: _____ 07/07/2026 _____

*Judge's signature*

City and state: _____ Houston, Texas _____

Hon. Richard W. Bennett, United States Magistrate Judge
*Printed name and title*

**4:26-mj-437**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam Khalil, being duly sworn by telephone, hereby depose and say:

(1)    I am currently serving as a Deportation Officer with Immigration and Customs Enforcement (ICE), a position I have held since April 15, 2018. I possess over eight years of experience in immigration law enforcement.

(2)    On or about August 28, 2024, ICE was made aware of the unlawful presence of Rufino Salazar Reyes (hereinafter "Defendant") in the United States while he was in custody at the Harris County Jail in Harris County, TX, at which time a detainer was placed.

(3)    On July 6, 2026, Defendant was transferred from the Texas Department of Criminal Justice (TDCJ) to the custody of ICE at the Montgomery Processing Center (MPC) in Conroe, TX.

(4)    On July 6, 2026, ICE identified the Defendant as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b).

(5)    The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(6)    Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(7)    <u>Element One</u>: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(8)    <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasion(s):

  1.  Removed 06/05/2017

(9)     <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on or about August 28, 2024 in Harris County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I conducted a system query in the Alien Criminal Response Information Management System (ACRIMEe), to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On July 6, 2026, ACRIMEe returned negative results.

(10)     <u>Element Four</u>: The Defendant did not have permission to re-enter the United States. On July 6, 2026, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.

(11)     Prior criminal history:

    a.  On March 12, 2025, the Defendant, was convicted in the in the 177th District Court, Harris County, Texas, for the offense of UNL POSS FIREARM BY FELON, under case number: 1882432. For this offense, a felony, the Defendant was sentenced to 2 years in the Texas Department of Criminal Justice (TDCJ).

    b.  On July 31, 2002, the Defendant, was convicted in the in the 180th District Court, Harris County, Texas, for the offense of AGGRAVATED ASSAULT, under case number: 893451. For this offense, a felony, the Defendant was sentenced to 18 years in the Texas Department of Criminal Justice (TDCJ).

    c.  On July 31, 2000, the Defendant was found guilty in the County Criminal Court 14, Harris County, Texas, for the offense of CRIMINAL TRESPASS, under case number: 1013359. For this offense, a misdemeanor, the Defendant was sentenced to 30 days in county jail.

    d.  On July 6, 2000, the Defendant's case was dismissed in the 209th District Court, Harris County, Texas, for the offense of CAPITAL MURDER, under case number: 837017.

On July 6, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Robin Whitney (832) 492-2493 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

Adam Khalil
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Subsccribed and sworn telephonically before me this 7th day of July 2026, and I find probable cause.

Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas